UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| UNITED STATES OF AMERICA, | Case No. 08-cr-134-PP |
|---|---|

Plaintiff,

v.

JOHNNY HAYES,

Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (DKT. NO. 148) AND MOTION TO REDUCE SENTENCE PURSUANT TO AMENDMENT 591 (DKT. NO. 149)**

---

On February 24, 2009, Judge Rudolph T. Randa sentenced the defendant to serve 240 months in prison. Dkt. Nos. 55, 56. Judge Randa since has passed away, and on May 18, 2017, the case was re-assigned to Judge Pepper.

On August 9, 2019, the court received a letter from the defendant. Dkt. No. 148. The defendant asked whether the ruling in United States v. Davis, 139 S. Ct. 2319 (2019) had any affect on his conviction for violating 18 U.S.C. §924(c). He also asked the court to appoint him a lawyer. Id. Somehow this letter fell through the cracks, and the court did not see it until recently, when it received another motion from the defendant. The court regrets this error.

The court cannot advise the defendant whether the Davis decision impacts his conviction, and it is premature for the court to appoint the defendant a lawyer. The court will deny without prejudice the defendant's

1

request for the court to appoint him a lawyer. If the defendant believes that the Davis decision makes his conviction or sentence unlawful, the appropriate thing for him to do is to file a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. At that time, he can renew his motion asking the court to appoint him a lawyer. The court will decide at that time whether it is necessary to appoint a lawyer, after reviewing the defendant's §2255 motion.

More recently, the court received from the defendant a motion asking the court to reduce his sentence under 18 U.S.C. §3582(c)(2). Dkt. No. 149. That statute says that a court cannot modify a term of imprisonment once it has been imposed except in the case of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." The defendant argues that Amendment 591 altered his guideline range. Dkt. No. 149 at 2.

Amendment 591[1] went into effect on November 1, 2000. U.S.S.G. Appendix C, Amendment 591, available at

---

[1] Amendment 591 struck the old subsection (a) of §1B1.1 Application Instructions, and replaced it with the following language: "(a) Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. *See* §1B1.2." Appendix C explains that the reason for this amendment to resolve a conflict between the circuits about whether the enhanced penalties in §2D1.2 Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals applied only in cases where the defendant was convicted of an offense referenced in that guideline, or whether it also applied in cases where the defendant's relevant conduct included a drug sale that happened near a protected location or involved and underaged or pregnant person. The amendment clarified that for the enhanced penalties in §2D1.2 to apply, the defendant had to be convicted of an offense referenced in that guideline, and not just have been involved in conduct described by the guideline.

2

https://www.ussc.gov/guidelines/amendment/591. By the time Judge Randa sentenced the defendant, Amendment 591 had been in effect for almost eight and a half years. As the government and probation point out, Amendment 591 did not "subsequently" alter the defendant's guideline range, because it already was in effect when Judge Randa sentenced the defendant. So the defendant is not entitled to a sentence reduction under §3582(c)(2), because his guideline range has not "subsequently been lowered by the Sentencing Commission."

The minutes from the sentencing hearing indicate that the defendant did object to the Presentence Investigation Report's calculation of his guideline range, but not based on Amendment 591 or U.S.S.G. §1B1(a). Dkt. No. 55 at 3. Instead, he objected that while the parties agreed in the plea agreement that the defendant should receive a *five*-level enhancement for *brandishing* a gun during the bank robbery, the PSR recommended a *six*-level increase for *using* a gun during the bank robbery. The government confirmed that it had agreed to a five-level enhancement, and Judge Randa sustained the defendant's objection and applied only the five-level enhancement. Id. If the defendant believed that Judge Randa misapplied the guidelines in some other way, he could have raised that at sentencing, or in his appeal. He did not—in fact, the Seventh Circuit noted in its decision that on appeal, the defendant did not challenge his plea, conviction or the sentencing guidelines calculations. Dkt. No. 107 at 4.

The court does not have the authority to reduce the defendant's sentence under §3582(c)(2) because the Sentencing Commission did not subsequently

3

lower his guideline range, and because he did not raise the issue he raises now either at his sentencing or on appeal.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to appoint counsel. Dkt. No. 148.

The court **DENIES** the defendant's motion to reduce sentence pursuant to Amendment 591. Dkt. No. 149.

Dated in Milwaukee, Wisconsin this 15th day of May, 2020.

                **BY THE COURT:**

                _____
                **HON. PAMELA PEPPER**
                **Chief United States District Judge**

4

Case 2:08-cr-00134-PP   Filed 05/15/20   Page 4 of 4   Document 154